Mr. Justice FIELD
 

 delivered the opinion of the court.
 

 As we have had occasion heretofore to observe,
 
 *
 
 the Mexican law, as well as the common law, made a formal delivery of possession, or livery of seizin of the property, essential, after the execution of a grant, for the investiture of the title. This proceeding was usually taken by the magistrate of the vicinage, with assisting witnesses, in the presence of the adjoining land proprietors, who were summoned for the occasion. As preliminary to the actual delivery of possession, the land had to be measured and its boundaries estab lished, when there was any uncertainty in the description of the premises. Various regulations for the guidance in these matters of the magistrates were prescribed by law. That which concerns the present inquiry is that they required the magistrate to preserve a record of the measurement, and of all other steps of the proceeding, to have the same attested by the assisting witnesses, and to furnish an authentic copy to the grantee. By this proceeding — called in the language of the country the delivery of juridical possession — the land granted was separated from the public
 
 *262
 
 domain, and what was previously a grant of quantity, "became a grant of a specific tract.
 

 The record of a proceeding of this nature must necessarily control the action of the officers of the United States in surveying land claimed under a confirmed Mexican grant.
 

 In the present case, juridical possession of the laud had been delivered to the grantee, and the record was produced and given in evidence. The first survey of the land made by the Surveyor-General of the United States for California, after the confirmation, did not conform to the measurement shown by this record. The District Court, for that reason, set the survey aside,, and directed a new survey, which should correspond with that measurement.
 

 To the application of the appellants for a change in the location, the District Court held that there were insuperable objections presented by the action of the officers under the former government, and that it was the duty of the court to locate the land according to the measurement made by the alcalde, and signed by him and the assisting witnesses in the record of proceedings upon the delivery of possession.
 

 "We fully concur ini this view with the District Court, and, therefore,
 

 AEEIRM ITS DECREE.
 

 *
 

 Malarin
 
 v.
 
 The United States, 1 Wallace, 289.